**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
NOV 13 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RICARDO JOSE CALDERON LOPEZ, )
)
    Plaintiff, )
)
v. )   Civil Action No. 1:19-cv-02750 (UNA)
)
)
UNKNOWN INDIVIDUALS SERVICING )
THE DISTRICT OF COLUMBIA )
DEPARTMENT OF HEALTH & HUMAN )
SERVICES, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. Plaintiff,[1] a resident of Washington, D.C., sues "unknown individuals servicing the District of Columbia Department of Health & Human Services." The accompanying case information sheet styles the matter under Racketeer Influenced and Corrupt Organizations Act (RICO), and the allegations in the complaint allude to an undefined vast conspiracy. Plaintiff alleges that he was subject to general civil rights violations pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). More specifically, he alleges that his access to food stamps was delayed because an "employee-Rep (Ms. Shaw) . . ." requested a letter regarding his possible existing benefits in California. He alleges that this request caused delay in receipt of benefits, forcing him to unnecessarily fill out a new benefit application form. He seeks millions of dollars in damages.

---

[1] Plaintiff files this suit as "Ricardo Jose Calderon Lopez d/b/a Starlight Consulting Services." While it is unclear what relevance, if any, Starlight Consulting Services has to this matter, as a general rule, applicable here, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *see also Franklin v. Vilsack*, Misc. Action No. 11–0206 (D.D.C. Apr. 15, 2011) (holding that a plaintiff may not proceed *in forma pauperis* on behalf of an "artificial entity").

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the Court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Aside from the passing reference to "Ms. Shaw," who is not named as a party to the lawsuit, plaintiff fails to provide the names, addresses, or any other identifying information regarding the "unknown individuals" intended as defendants. As plaintiff himself acknowledges, the Local Rules of this Court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1). Further, the District of Columbia Department of Human Services ("DHS") is *non sui juris*. *See Gallion v. D.C. Dep't of Human Services*, No. 91–2587 (SSH) (D.D.C. Feb. 21, 1992) (citing *Turner v. District of Columbia*, 532 A.2d 662, 675 (D.C. App. 1987) and *Braxton v. National Capital Housing Auth.*, 396 A.2d 215, 216–17 (D.C. App. 1978)). A noncorporate department or other body within a municipal corporation is *non sui juris*, and cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities. *See, e.g., Nix El v. Williams*, 174 F. Supp. 3d 87, 93 (D.D.C. 2016); *see also Hickman v. Library of Congress*, 74 F. Supp. 3d 329, 331 (D.D.C. 2014); *Miller v. Board of Ed. of District of Columbia*, 106 F. Supp. 988, 991 (D.D.C. 1952).

Plaintiff faces additional hurdles. To state a claim under *Bivens*, plaintiff must allege that he was deprived of a constitutional right by a federal agent acting under color of federal authority. *Bivens*, 403 U.S. at 395–97. He has not identified any federal agents as a part of this lawsuit. To state a claim under § 1983, a complaint must allege facts sufficient to support a reasonable inference that (1) a person (2) acting under color of state, territorial, or District of Columbia law (3) subjected plaintiff or caused plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 829 (1985). Here, plaintiff has failed to provide information specific enough to satisfy these elements.

The ambiguous allegations comprising the complaint fail to provide adequate notice of a claim. The pleading also fails to set forth allegations with respect to this Court's jurisdiction, or a valid basis for an award of damages. Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: November 8, 2019

United States District Judge